**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason E Rappaport, | No. CV-18-01404-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Federal Savings Bank, et al., | |
| Defendants. | |

    In May 2018, Plaintiff filed this lawsuit against the Federal Savings Bank ("FSB") and Stephen Calk (collectively, "Defendants"). (Doc. 1.) In response, Defendants moved "for entry of an order staying proceedings in this case" because most of Plaintiff's claims against FSB are governed by an arbitration agreement. (Doc. 12.) In July 2018, the Court issued an order granting the motion, staying the case, and ordering the parties to file status reports "every ninety (90) days . . . until the stay is lifted." (Doc. 37 at 10.)

    Now pending before the Court is another motion to stay by Defendants. (Doc. 49.) In a nutshell, this motion asserts that Calk was recently indicted on criminal charges, those charges overlap in certain ways with the facts underlying this case, and it would be unfairly prejudicial to require Calk to engage in civil discovery while the criminal proceedings are ongoing. (*Id.*) Thus, Defendants ask for an order "staying this case pending the outcome of the Criminal Proceeding." (*Id.* at 6-7.) Plaintiff opposes the stay request on the ground that the Court, having already stayed this case once, lacks jurisdiction to issue another stay. (Doc. 50.)

As a threshold matter, the Court disagrees with Plaintiff's assertion that it lacks jurisdiction over Defendants' motion. The premise underlying Plaintiff's jurisdictional argument is that, if the Court were to grant Defendants' motion, the Court would somehow be interfering with the pending arbitration. (Doc. 50 at 3 ["Defendants, having requested and obtained a stay, cannot come running to this Court for interim rulings. JAMS has not completed the arbitration, and thus, jurisdiction to stay the arbitration remains solely with JAMS."].) This is inaccurate. Defendants are only requesting a stay of this case. They are not asking for the Court to require the arbitrator to do anything.

Nevertheless, on the merits, the stay request will be denied. Regardless of the reason a stay is sought, the requesting party must show "a clear case of hardship or inequity" if there is a possibility the stay might harm another party. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)). This case has been stayed since July 2018 and will remained stayed until the arbitration is complete. It is difficult to see how denying a second stay when a stay is already in place would result in hardship.

Accordingly, **IT IS ORDERED** that Defendants' motion to stay (Doc. 49) is **denied without prejudice.** If there comes a point in the future where the arbitration has been completed, yet the criminal proceedings remain unresolved, Defendants may file another stay request at that time.

Dated this 11th day of October, 2019.

Dominic W. Lanza
United States District Judge