**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason E. Rappaport, | No. CV-18-01404-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| The Federal Savings Bank, et al., | |
| Defendants. | |

Plaintiff Jason E. Rappaport has filed an application requesting confirmation of the award issued in an arbitration proceeding between himself and Defendants The Federal Savings Bank ("TFSB") and Stephen M. Calk ("Calk"). (Doc. 60.) For the following reason, Rappaport's application is granted.

## BACKGROUND

Rappaport sued his former employer, TFSB, and its CEO, Calk, alleging that TFSB illegally terminated his employment after he developed leukemia and that TFSB and Calk lied to Rappaport's clients about the reasons for his dismissal. (Doc. 1). Rappaport asserted claims for (1) defamation, (2) false light, (3) intentional interference with business expectations, (4) Family Medical Leave Act ("FMLA") violations, and (5) retaliation in violation of Arizona law. (Doc. 1.)

Defendants moved to stay this case during the pendency of compulsory arbitration (Docs. 11, 12), which the Court granted (Doc. 37).

The arbitrator, Hon. Stuart E. Palmer (Ret.) ("the Arbitrator"), held a six-day

evidentiary hearing in August/September 2020, invited submission of post-hearing briefs, and then issued a binding interim award dated January 27, 2021, followed by issuance of the 28-page final award (Doc. 60 at 8-35) on June 8, 2021, which was sent to the parties via email on July 7, 2021. (*Id.* at 2.) The Arbitrator awarded Rappaport $1.5 million in compensatory damages on the defamation claim, an additional $500,000 in punitive damages on that claim, $173,726.88 on the FMLA claim, $267,900.75 in attorneys' fees, and $3,360.23 in costs, for a total award of $2,444,987.86, and held that Calk and TFSB were jointly and severally liable for the entire sum. (*Id.* at 34-35.)

On July 14, 2021, Rappaport filed an application to confirm the arbitration award and enter judgment thereon. (Doc. 60.)

On August 11, 2021, Defendants filed an opposition. (Doc. 63.)

On August 18, 2021, Rappaport filed a reply. (Doc. 64.)

**DISCUSSION**

I.  <u>Legal Standard</u>

The Federal Arbitration Act ("FAA") provides that a party to an arbitration may apply to the Court for an order confirming the arbitration award, and the Court "must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." 9 U.S.C. § 9.

Defendants seek vacatur of the FMLA-related portions of the award. "The burden of establishing grounds for vacating an arbitration award is on the party seeking it." *U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010).

Section 10 of the FAA "provides the exclusive means by which a court reviewing an arbitration award under the FAA may grant vacatur of a final arbitration award." *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 664 (9th Cir. 2012). Vacatur is permitted only:

(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to

>   hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

The Ninth Circuit has held that arbitrators "exceed their powers" pursuant to § 10(a)(4) "not when they merely interpret or apply the governing law incorrectly, but when the award is 'completely irrational,' or exhibits a 'manifest disregard of law.'" *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (citation omitted) (en banc). Thus, the FAA allows a federal court to vacate an award only where it "evidences affirmative misconduct in the arbitral process or the final result or that is completely irrational or exhibits a manifest disregard for the law."[1] *Id.* at 998. "These grounds afford an extremely limited review authority, a limitation that is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures." *Id.*

"'Manifest disregard of the law' means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." *Michigan Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995), *as amended* (Feb. 8, 1995). "It must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Id.* "[E]ven misstatements of the law followed by erroneous application of the law do not provide grounds upon which a reviewing court may vacate an arbitral award under the FAA." *Biller*, 668 F.3d at 668 n.7. "[M]anifest disregard of the law for the purposes of the FAA occurs only where there is evidence that the Arbitrator knew the law but ignored it nonetheless." *Id.* Thus, arguing that an arbitrator "misunderstood the law and misapplied it" does not supply sufficient grounds for vacatur. *Id. See also Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) ("To demonstrate

---

[1] Defendants do not argue that the Arbitrator's decision was completely irrational, so this order focuses on whether it exhibits a manifest disregard for the law.

- 3 -

manifest disregard, the moving party must show that the arbitrator understood and correctly stated the law, but proceeded to . . . intentionally disregard[] it.") (internal quotation marks and brackets omitted). Moreover, reviewing courts "have no authority to re-weigh the evidence." *Bosack*, 586 F.3d at 1105. "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard." *Kyocera,* 341 F.3d at 994. Put simply, "the FAA does not authorize a judicial merits review of arbitration awards." *Biller*, 668 F.3d at 664.

Thus, a party seeking vacatur of an arbitrator's decision "must clear a high hurdle. It is not enough . . . to show that the [arbitrator] committed an error—or even a serious error." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). "It is only when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable," "for the task of an arbitrator is to interpret and enforce a contract, not to make public policy." *Id.* (internal quotation marks and brackets omitted).

II. Analysis

Defendants seek vacatur of the FMLA-related portions of the award because "the arbitrator got the underlying facts grossly wrong and deliberately ignored the applicable law." (Doc. 63 at 6.) This argument is unavailing. Although Defendants assert in conclusory fashion that the Arbitrator "deliberately ignored the applicable law," Defendants do not identify any law the Arbitrator ignored, much less point to evidence in the record establishing that the Arbitrator knew and understood the law but chose to disregard it. It is Defendants' burden to provide such evidence. *Bosack*, 586 F.3d at 1104-05.

Defendants state, without citation, that "[t]he law is so clear that an employee that explicitly disclaims FMLA leave can never recover under the statute, and yet the arbitrator deliberately ignored it." (Doc. 63 at 6.) Yet the factual summary provided by the Arbitrator suggests that this "so clear" legal principle was inapplicable to the facts of this case,

because Rappaport never disclaimed his intention to take FMLA leave. (Doc. 60 at 24-25 ["On February 5, 2018, Rappaport notified Calk [that] he needed to take medical leave. He was subsequently sent FMLA forms (REx's 15 and 16) attached to an email from Katie Zak, a human resource officer of TFSB. REx 12. The form, entered into evidence as REx 15, notified Rappaport that he was entitled to 15 days to return the forms to TFSB. The next day, Rappaport delivered a note from Mayo Clinic indicating that he would need leave from 2-6-18 through 2-20-18. Rappaport was fired from his position at TFSB by Calk on 2-15-18."].) At bottom, then, Defendants' true gripe appears to be with the Arbitrator's factual determination that Rappaport never disclaimed his intention to take such leave. But as the Ninth Circuit has made emphatically clear, a district court may not vacate an arbitral award due to "unsubstantiated factual findings." *Kyocera,* 341 F.3d at 994.

Defendants also cite a handful of cases they view as applicable to the facts of this case (Doc. 63 at 4-6), but which are never mentioned in the Arbitrator's lengthy analysis. This again "amounts to an invitation to review [the Arbitrator's] factual findings and legal conclusions" by applying case law to the facts of this case, which this Court is "prohibited from doing." *Bosack*, 586 F.3d at 1104. Moreover, Defendants fail to distill from these cases any legal principle that the Arbitrator knew and understood but intentionally disregarded.

Defendants have not put forth any meritorious argument in favor of vacatur. Therefore, the Court "must grant" Rappaport's application for confirmation of the award and enter judgment. 9 U.S.C. § 9.

III.     Attorneys' Fees

Rappaport seeks attorneys' fees for replying to Defendants' vacatur demand. (Doc. 64 at 6.) This request is denied without prejudice. Rappaport is free to file a future motion seeking such fees (which should identify, with precision, the legal justification for the requested award and should comply with LRCiv 54.2).

Any motion for an award of attorneys' fees shall be accompanied by an electronic Microsoft Excel spreadsheet, to be emailed to the Court and opposing counsel, containing

an itemized statement of legal services with all information required by Local Rule 54.2(e)(1).  This spreadsheet shall be organized with rows and columns and shall automatically total the amount of fees requested to enable the Court to efficiently review and recompute, if needed, the total amount of any award after disallowing any individual billing entries.  This spreadsheet does not relieve the moving party of its burden under Local Rule 54.2(d) to attach all necessary supporting documentation to its motion.  A party opposing a motion for attorneys' fees shall email to the Court and opposing counsel a copy of the moving party's spreadsheet, adding any objections to each contested billing entry (next to each row, in an additional column) to enable the Court to efficiently review the objections.  This spreadsheet does not relieve the non-moving party of the requirements of Local Rule 54.2(f) concerning its responsive memorandum.

Alternatively, the parties may wish to sidestep briefing on the matter by settling on the issue of attorneys' fees.

## CONCLUSION

Rappaport is entitled to confirmation of the arbitration award.

Accordingly,

**IT IS ORDERED** that the motion to confirm arbitration and enter judgment thereon (Doc. 60) is **granted**.  A separate judgment shall issue.

**IT IS FURTHER ORDERED** that after the separate judgment issues, the Clerk of Court shall terminate this action.  The Court retains jurisdiction to resolve a timely motion for attorneys' fees, should Rappaport choose to file one.

Dated this 26th day of August, 2021.

Dominic W. Lanza
United States District Judge