**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Jason E. Rappaport, | No. CV-18-01404-PHX-DWL |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Federal Savings Bank, et al., | |
| Defendants. | |

Pending before the Court is Defendants' objection to the writ of garnishment issued as to Defendant The Federal Savings Bank ("TFSB").  (Doc. 69.)  For the following reasons, the writ of garnishment (Doc. 68) is vacated.

**BACKGROUND**

On August 27, 2021, the Court granted Plaintiff's motion to confirm arbitration (Doc. 65) and judgment was entered in favor of Plaintiff and against Defendants TFSB and Stephen Calk.  (Doc. 66.)

On November 4, 2021, Plaintiff filed an application for a writ of garnishment, naming TFSB as Garnishee (Doc. 67), and the writ issued (Doc. 68).

On November 19, 2021, Defendant/Garnishee TFSB filed an objection to the writ of garnishment.  (Doc. 69.)

TFSB asserts that the writ of garnishment is "objectionable as the appropriate procedure" for enforcing the judgment in this action (Doc. 69 at 1), as the applicable federal rule provides that "[a] money judgment is enforced by a writ of execution, unless the court

1   directs otherwise." Fed. R. Civ. P. 69(a)(1).  Furthermore, TFSB repeatedly notes in its

2   objections that it "is both the named Garnishee and Judgment Debtor and it is unclear how

3   it can respond." (Doc. 69.)

4          On November 23, 2021, the Court issued an order noting that it "appears . . . that

5   the writ of garnishment is inapplicable and should not have issued" and ordering Plaintiff

6   to respond by December 3, 2021.  (Doc. 70.)

7          On December 3, 2021, Plaintiff filed a response.  (Doc. 71.)  Plaintiff contends that

8   the writ of garnishment was proper under Arizona law (*id.* ¶¶ 3-8), but alternatively,

9   Plaintiff submitted an application for a writ of execution (*id.* ¶¶ 1, 9; Doc. 72).

10                                  **DISCUSSION**

11          "A money judgment is enforced by a writ of execution, unless the court directs

12   otherwise." Fed. R. Civ. P. 69(a)(1).  "The procedure on execution—and in proceedings

13   supplementary to and in aid of judgment or execution—must accord with the procedure of

14   the state where the court is located, but a federal statute governs to the extent it applies."

15   *Id.*

16          "Garnishment is commonly used by successful plaintiffs . . . to garnish wages from

17   judgment debtors' employers and savings from judgment debtors' bank accounts."

18   *Labertew v. Langemeier*, 846 F.3d 1028, 1030 (9th Cir. 2017).  A writ of garnishment

19   "controls the funds owed to the principal debtor by the garnishee to assure that it is applied

20   to the payment of the garnishor's judgment against the debtor." *Jackson v. Phoenixflight*

21   *Prods., Inc.*, 700 P.2d 1342, 1346 (Ariz. 1985).  Thus, garnishment can only exist where

22   there are there is a debtor, a creditor, and a third party in possession of some of the debtor's

23   funds.  A.R.S. § 12-1571(C) ("The writ [of garnishment] may issue to the judgment creditor

24   as garnishee *for property of the judgment debtor in possession of . . . a third party*.")

25   (emphasis added).  *See also Valley Bank & Trust Co. v. Parthum*, 56 P.2d 1342, 1343 (Ariz.

26   1936) ("The writ of garnishment is intended to reach the property and effects of a debtor

27   that may be in the possession of a third party called the garnishee."); *Neeley v. Century*

28   *Fin. Co. of Arizona*, 606 F. Supp. 1453, 1462 (D. Ariz. 1985) ("It is important to note that

1   the garnishment scenario is not merely an action between the creditor and debtor.  These

2   proceedings also involve a third party who is suddenly thrust into the middle of the dispute

3   . . . when in fact the only relationship the garnishee has to the action is that they are the

4   employer of the debtor or the debtor is one of a multitude of depositors with their financial

5   institution. . . . The garnishee's interest in the asset itself is nonexistent.").

6          Plaintiff does not dispute that TFSB is intended to be both the garnishee and the

7   judgment debtor.  By designating TFSB as a garnishee/judgment debtor, Plaintiff maintains

8   that TFSB owes funds to TFSB: "Given that Garnishee TFSB acknowledges that it holds

9   money due and owing, or otherwise belonging to, Judgment Creditor TFSB, it should have

10  Answered the Garnishment and released those funds to Mr. Rappaport."  (Doc. 71 ¶ 7.)

11  Plaintiff asserts that "the logic of having TFSB as the Judgment Debtor and the Garnishee

12  is sound, given that it is a federally-chartered banking institution and, presumably, holds

13  some of its own assets in that capacity."  (*Id.* ¶ 4.)  The logic is *not* sound.  If TFSB holds

14  its own assets, they are not subject to "garnishment" because an entity cannot owe money

15  to itself.  If TFSB "is in possession of its own monies" and "should be required to turn

16  those monies over to Mr. Rappaport in satisfaction of the Judgment" (*id.* ¶ 5), the proper

17  way to accomplish this is not through a writ of garnishment but rather through a writ of

18  execution.[1]  Garnishment is simply inapplicable here.

19         Accordingly,

20         **IT IS ORDERED** that the writ of garnishment issued as to TFSB (Doc. 68) is

21  **vacated**.

22         Dated this 7th day of December, 2021.

23

24

25                                                    _____
                                                          Dominic W. Lanza
26                                                     United States District Judge

27

28

---

[1]      Arizona's statutes devote an article—separate from the articles devoted to garnishment—to writs of execution.  (12 AZ ST Ch. 9, Art. 3, A.R.S. § 12-1551 et seq.)